**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Midland Funding, L.L.C. v. Hottenroth,* **Slip Opinion No. 2016-Ohio-5489.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5489

MIDLAND FUNDING, L.L.C., ET AL., APPELLANTS, *v.* HOTTENROTH, APPELLEE.

(TWO CASES.)

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Midland Funding, L.L.C. v. Hottenroth,* Slip Opinion No. 2016-Ohio-5489.]**

*Appeals dismissed as having been improvidently accepted.*

(Nos. 2014-1236 and 2015-0186—Submitted July 13, 2016—Decided August 24, 2016.)

APPEALS from the Court of Appeals for Cuyahoga County, No. 100146, 2014-Ohio-2390 and 2014-Ohio-5680.

_____

{¶ 1} The causes are dismissed, sua sponte, as having been improvidently accepted.

O'CONNOR, C.J., and PFEIFER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by LANZINGER, J.

KENNEDY, J., dissents.

_____

**O'DONNELL, J., dissenting.**

{¶ 2} I respectfully dissent from the majority's decision to resolve these appeals by declaring that they were improvidently accepted.

{¶ 3} These appeals involve an issue that should be decided on the merits. In my view, the matter should be briefed because it has been pending in this court since July 2014 and was held for *Taylor v. First Resolution Invest. Corp.*, ___ Ohio St.3d ___, 2016-Ohio-3444, ___ N.E.3d ___ and the important question left unanswered by that decision regarding when a claim for breach of a credit card contract accrues should be promptly resolved. This question is one of great general interest and is likely to reoccur in light of the fact that one context in which it arises is "from the now common phenomenon of debt sales," *id.* at ¶ 2, and "[a] predictable result of debt buyers filing a high volume of lawsuits based on imperfect information [about the debts they have purchased] is that lawsuits are regularly filed after the right to collect debts has expired * * *," *id.* at ¶ 6.

{¶ 4} Accordingly, I would maintain jurisdiction of these appeals, consider the issue involved, and resolve the matter for the benefit of the jurists who will confront this issue without our guidance and for the benefit of the lawyers and litigants who will undoubtedly be wholly frustrated by the majority's resolution, which avoids the question.

LANZINGER, J., concurs in the foregoing opinion.

_____

Janik, L.L.P., Steven G. Janik, Crystal L. Maluchnik, and Ellyn Tamulewicz Mehendale, for appellant Midland Funding, L.L.C.

Javitch Block, L.L.C., and James Y. Oh, for appellant Javitch, Block & Rathbone, L.L.P., n.k.a Javitch Block, L.L.C.

The Misra Law Firm, L.L.C., and Anand N. Misra; and Robert S. Belovich, for appellee, Dustie Hottenroth, n.k.a. Dustie Miller.

January Term, 2016

_____